UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO.: 1:25-cv-23074

RAYMONA GALLOWAY-BANKS

Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

Defendant.
_______________________________/

**PLAINTIFF'S COMPLAINT**
**(JURY TRIAL REQUESTED)**

Plaintiff, RAYMONA GALLOWAY-BANKS, hereby sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, and alleges:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a citizen of the United States.

2. Plaintiff is a resident of the State of Texas.

3. Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter "CARNIVAL") is a foreign corporation incorporated under the laws of the Republic of Panama.

4. Defendant, CARNIVAL, principal place of business, is in Florida.

5. This is a premise liability case arises out of an incident on CARNIVAL cruise ship where the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

6. This case falls within this Court's Diversity Jurisdiction because Plaintiff and Defendant, CARNIVAL, are diverse citizens and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The district courts have jurisdiction of "all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . "citizens of a state and citizens or subjects of a foreign state . . . ." 28 U.S. Code § 1332(a)(2).

7. Alternatively, this case falls within this Court's admiralty jurisdiction because this is a civil action that arises from a premise liability incident that occurred at sea on navigable waters. The district courts have jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S. Code § 1333.

8. This Court has *in personam* jurisdiction over Defendant, CARNIVAL, because Defendant, CARNIVAL, maintains a presence in Florida and has its principal place of business in Florida.

9. Venue is proper in the Southern District of Florida because the passenger ticket Defendant, CARNIVAL, sold Plaintiff for the subject voyage was subject to a ticket contract governing the subject voyage (the "Ticket Contract"), which contained a forum-selection clause within Section 14(c) of the Ticket Contract that read as follows:

> Except as provided in Clauses 14 (d) and 14(e) below, it is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the Vessel, shall be litigated, if at all, before the United States District actions such as this action must be litigated before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country. Guest hereby consents to such exclusive jurisdiction and waives any jurisdictional, venue or other objection that may be available.[1]

10. Plaintiff has performed and satisfied all conditions precedent to be performed by

[1] A copy of the Ticket Contract is attached hereto as Exhibit "A."

Plaintiff prior to the filing of this Complaint, including, but not limited to, providing written notice of Plaintiff's claim to Defendant, CARNIVAL, within 185 days of the date of Plaintiff's injury; or the conditions have already occurred and/or been waived.

11. The controversy by and between Plaintiff and Defendant, CARNIVAL, that is the subject of this action should be decided by a trial by jury because both Plaintiff and Defendant, CARNIVAL, consented to a trial by jury in the Ticket Contract. The pertinent portion of Section 14(c) of the Ticket Contract reads as follows:

> In the event a matter is brought in the Federal Courts of the United States and no diversity jurisdiction exists, then the matter must proceed under the Court's admiralty jurisdiction and Guest may not be allowed a trial by jury. If a matter proceeds under the Court's admiralty jurisdiction, then Carnival consents to a trial by jury pursuant to Federal Rule of Civil Procedure 39(c). Guest acknowledges and understands that a Federal Court presiding over the matter under admiralty jurisdiction may not grant a trial by jury despite Carnival and Guest's request for a trial by jury, and in such event, Guest knowingly and voluntarily waives a trial by jury.

12. Additionally, the controversy by and between Plaintiff and Defendant, CARNIVAL, that is the subject of this action should be decided by a trial by jury because Federal Rule of Civil Procedure 39(c)(2) gives this Court the authority to try any issue in this action by a jury when the parties consent to a jury trial and the action is not against the United States and no federal statute governing this action provides for a nonjury trial. Federal Rule of Civil Procedure 39(c) reads as follows:

> (c) ADVISORY JURY; JURY TRIAL BY CONSENT. In an action not triable of right by a jury, the court, on motion or on its own:
>
> (1) may try any issue with an advisory jury; or
>
> (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

**GENERAL ALLEGATION COMMON TO ALL COUNTS**

13. On or about August 25, 2024, Plaintiff was a fare-paying passenger aboard the Carnival *Breeze* (hereinafter the "CRUISE SHIP"), which departed from Galveston, Texas, United States.

14. Defendant, CARNIVAL, owned, controlled, and operated the CRUISE SHIP.

15. On or about August 25, 2024, Plaintiff was walking on Deck 11 in the early morning hours on the date of the subject incident, specifically between approximately 1:30 AM and 2:00 AM. After arriving on Deck 11, the Plaintiff began walking through Deck 11. The Plaintiff walked passed the pool area and towards the lounge chairs (hereinafter the "Subject Area").

16. On or about August 25, 2024, the lighting conditions within the Subject Area were poor, as the Subject Area was dimly lit and inadequately illuminated.

17. There were no barricades blocking access to Deck 11.

18. There were no barricades in the Subject Area to prevent passengers from walking through the Subject Area.

19. Passengers were permitted to traverse through the Subject Area.

20. Unbeknownst to the Plaintiff, the floor within the Subject Area was covered with water and cleaning chemicals and/or soap fluids that felt slimy to the touch (the "Substance"), which created an unreasonably slippery and hazardous walking surface (hereinafter referred to as the "Dangerous Condition").

21. As Plaintiff was walking through the Subject Area, the Plaintiff's footwear and/or foot came into contact with the Substance, which caused the Plaintiff to slip and fall onto the hard flooring in the Subject Area.

22. As a result of the fall, the Plaintiff's hands, legs, and dress landed in the Substance.

23. The Plaintiff was a business invitee of Defendant, CARNIVAL, at the time her footwear and/or foot came into contact with the Substance as she was walking through the Subject Area.

**COUNT I**
**NEGLIGENT FAILURE TO MAINTAIN PREMISES IN A REASONABLE SAFE CONDITION (JURY TRIAL REQUEST)**

24. Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-23 as though fully set forth herein.

25. At the subject time and place, Defendant, CARNIVAL, via its agents/employees owed Plaintiff a duty of reasonable care under the circumstances.

26. At the time of the subject incident, the Dangerous Condition existed in the form of a transitory foreign substance, which was water mixed with chemicals and/or cleaning agents such as soap, located on the floor in the Subject Area.

27. At the subject time and place, Defendant, CARNIVAL, via its agents/employees, breached its duty of care in one or more of the following ways, which caused Plaintiff to suffer serious personal injury when she tripped and fell over the Substance on the floor in the Subject Area:

a. Defendant, CARNIVAL, failed to maintain the Subject Area in a safe condition free from any transitory foreign substances that presented a slip hazard to passengers, including Plaintiff; and/or

b. Defendant, CARNIVAL, placed or caused the Substance to exist on the floor in the Subject Area; and/or

c. Defendant, CARNIVAL, allowed the substance to sit and pool on a walking surface that Defendant, CARNIVAL, knew or should have known is frequently traversed by passengers, when Defendant, CARNIVAL, could have easily

squeegeed/mopped the floor or taken other simple steps to remove the Substance; and/or

d. Defendant, CARNIVAL, failed to dry the walking surface in the Subject Area; and/or

e. Defendant, CARNIVAL, turned off the lighting in the Subject Area, resulting in inadequate illumination and poor visibility. As a result, the transitory substance on the floor was concealed and not readily apparent to invitees, thereby contributing to and/or creating the Dangerous Condition; and/or

f. Defendant, CARNIVAL, failed to properly maintain the section of the floor to ensure the Substance was properly removed from the floor in the Subject Area; and/or

g. Knowing that water and/or other liquid such as cleaning agents would likely remain or accumulate on the floor in the Subject Area in the absence of a drainage, and/or measures to ensure the floor was kept dry, Defendant, CARNIVAL, failed to take adequate steps to ensure that the walking surface in the Subject Area was slip-resistant.

h. Defendant, CARNIVAL, allowed the Substance and the Dangerous Condition to exist on the floor in the Subject Area, and exposed its passengers, including, but not limited to, Plaintiff, to an unreasonable risk of encountering it and sustaining injury.

i. Other acts of negligence to be proven at trial.

28. Defendant, CARNIVAL, via its agents/employees, was on actual prior notice of the presence of the Substance on the floor in the Subject Area because of the following:

a. Defendant, CARNIVAL, placed the Substance on the floor in the Subject Area; and/or

b. Defendant, CARNIVAL, agents/employees created the Dangerous Condition by failing to properly dry the floor in the Subject Area prior to subject incident; and/or

c. Defendant, CARNVIAL, agents/employees created the Dangerous Condition by turning off the light in the Subject Area and/or failing to have proper light and illumination in the Subject Area prior to Subject Incident;

d. Defendant, CARNIVAL, observed the Substance on the floor in the Subject Area; and/or

e. Defendant, CARNIVAL, agents/employees, encountered or came into physical contact with the Substance while traversing in the Subject Area.

29. Additionally, and/or alternatively, Defendant, CARNIVAL, via its agents/employees, was on constructive prior notice of the presence of the Substance on the floor in the Subject Area because of the following:

a. The dangerous condition (the Substance) existed for such a length of time that, in the exercise of ordinary care, Defendant, CARNIVAL, should have known of the dangerous condition (the Substance).

b. Defendant, CARNIVAL by and through its agents and/or employees, mopped the floor in Subject Area using cleaning agents that created the Substance, resulting in the Dangerous Condition. As such, CARNIVAL knew or should have known of the Substance presence, and of the Dangerous Condition, and therefore, should have dry the floor or restrict access to the Subject Area, so that passengers, including the Plaintiff, would not encounter the Substance.

30. Defendant, CARNIVAL, breached its duty to Plaintiff and places or allowed the Substance to exist on the floor in the Subject Area, which caused Plaintiff to fall and suffer injuries.

31. At the time of the subject incident, it was reasonably foreseeable that Defendant, CARNIVAL, by and through its employees and/or agents' failure to remove the Substance and/or remedy the Dangerous Condition by properly drying the floor in the Subject Area would create an unreasonable dangerous condition, and pose a significant risk of harm to individuals lawfully walking through the Subject Area.

32. As a direct and proximate result of Defendant, CARNIVAL's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

33. Plaintiff requests a trial by Jury for Count I.

## COUNT II
## NEGLIGENT FAILURE TO WARN (JURY TRIAL REQUESTED)

34. Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-23 as though fully set forth herein.

35. Defendant, CARNIVAL, via its agents/employees, was on actual prior notice of the presence of the Substance on the floor in the Subject Area because of the following:

a. Defendant, CARNIVAL, placed the Substance on the floor in the Subject Area; and/or

b. Defendant, CARNIVAL, agents/employees created the Dangerous Condition by failing to properly dry the floor in the Subject Area prior to subject incident; and/or

c. Defendant, CARNVIAL, agents/employees created the Dangerous Condition by turning off the light in the Subject Area and/or failing to have proper light and illumination in the Subject Area prior to Subject Incident;

d. Defendant, CARNIVAL, observed the Substance on the floor in the Subject Area; and/or

e. Defendant, CARNIVAL, agents/employees, encountered or came into physical contact with the Substance while traversing in the Subject Area.

36. Additionally, and/or alternatively, Defendant, CARNIVAL, via its agents/employees, was on constructive prior notice of the presence of the Substance on the floor in the Subject Area because of the following:

a. The dangerous condition (the Substance) existed for such a length of time that, in the exercise of ordinary care, Defendant, CARNIVAL, should have known of the dangerous condition (the Substance).

b. Defendant, CARNIVAL by and through its agents and/or employees, mopped the floor in Subject Area using cleaning agents that created the Substance, resulting in the Dangerous Condition. As such, CARNIVAL knew or should have known of the Substance presence, and of the Dangerous Condition, and therefore, should have dry the floor or restrict access to the Subject Area, so that passengers, including the Plaintiff, would not encounter the Substance.

37. The Substance on the floor in the Subject Area was latent and not readily apparent to passengers, including, but not limited to, Plaintiff because the lights were off in the Subject Area, and or was dimly lit, and had inadequate illumination and poor visibility.

38. The Dangerous Condition was not open and obvious.

39. Plaintiff did not have notice of the Dangerous Condition.

40. As a result of the actual and/or Constructive knowledge that Defendant, CARNIVAL, had of the Dangerous Condition described in Paragraph 34-38, Defendant, CARNIVAL, had a duty to warn invitees like Plaintiff that the Substance was on the floor in the Subject Area.

41. Defendant, CARNIVAL, by and through its agents and/or employees breached its duty to warn Plaintiff in one or more of the following ways:

a. Defendant, CARNIVAL, failed to cordon off or otherwise prevent passengers from walking through the Subject Area with the Dangerous Condition; and/or

b. Defendant, CARNIVAL, failed to close the entrance to Deck 11 leading to the Subject Area until such time that the Substance was remediated or removed; and/or

c. Defendant, CARNIVAL, failed to restrict access to the Subject Area until such time that the Substance was remediated or removed; and/or

d. Defendant, CARNIVAL, failed to erect warning devices on or around the Subject Area to warn patrons, including the Plaintiff, of the wet, slippery, and dangerous conditions that existed on the floor in the Subject Area due to the Substance; and/or

e. Defendant, CARNIVAL, failed to place conspicuous signage on or around the Subject Area advising invitees like Plaintiff that the floor in the Subject Area was wet, slippery, and dangerous due to the Substance.

42. Defendant, CARNIVAL's, failure to warn Plaintiff of the Dangerous Condition present on the floor in the Subject Area due to the Substance caused her to fall and suffer injuries.

43. At the time of the subject incident, it was reasonably foreseeable that Defendant, CARNIVAL, by and through its employees and/or agents failure block off the Subject Area or warn passengers that the Subject Area was wet, would create an unreasonable dangerous condition, and pose a significant risk of harm to individuals lawfully walking through the Subject Area.

44. As a direct and proximate result of Defendant, CARNIVAL's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

45. Plaintiff requests trial by Jury for Count II.

**WHEREFORE**, Plaintiff demands judgment against Defendant, CARNIVAL, on all counts and issues triable; demands costs; and requests a jury trial.

Dated: July 9, 2025.

Respectfully Submitted,

**STEINLAW, P.A.**
*Attorneys for Plaintiff*
20801 Biscayne Blvd. Suite 400
Aventura, Florida 33180
Tel.: (786) 230-3819

By: /s/ JASON R. BRENNER
**DENZIL A. BLACKWOOD, ESQ.**
Florida Bar No.: 1031629
dblackwood@steinlaw.com
**JASON R. BRENNER, ESQ.**
Florida Bar No.: 86731
E-mail: jbrenner@steinlaw.com
E-mail: kreyes@steinlaw.com