UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-CV-23074-WILLIAMS/LETT

**RAYMONA GALLOWAY-BANKS,**

 Plaintiff,

v.

**CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,**

 Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court on The Honorable Kathleen M. Williams's referral [ECF No. 13] of Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 11] for a report and recommendation. Upon review of the Motion, Plaintiff's Response and Memorandum of Law in Opposition of Defendant's Motion to Dismiss ("Response") [ECF No. 14], Defendant's Reply in Support of Motion to Dismiss ("Reply") [ECF No. 15], and the pertinent portions of the record, the Court respectfully recommends as follows.

**I. BACKGROUND**

This is a maritime personal injury action arising from an August 25, 2024, slip-and-fall incident aboard the Carnival Breeze. Compl. ¶¶7, 13, 21. Plaintiff asserts two causes of action under general maritime law: Count I for negligent failure to maintain and Count II for negligent failure to warn. *Id.* ¶¶ 24–33, 34–45. Plaintiff

1

alleges that, in the "Subject Area" of the vessel, "the floor within the Subject Area was covered with water and cleaning chemicals and/or soap fluids that felt slimy to the touch (the 'Substance'), which created an unreasonably slippery and hazardous walking surface (hereinafter referred to as the 'Dangerous Condition')." *Id.* at 20.

Carnival Corporation d/b/a Carnival Cruise Line ("Carnival") moves to dismiss the Complaint, "because it does not provide sufficient facts to establish that Carnival had notice of the alleged risk-creating condition." Mot. at 1. In Response, Plaintiff argues that the Complaint alleges specific facts supporting actual notice, including that Carnival's employees: (1) placed the Substance on the floor in the Subject Area; (2) created the Dangerous Condition by failing to properly dry the floor; (3) turned off the lights in the Subject Area; and (4) observed the Substance on the floor. Compl. ¶¶ 16, 20, 27(a)-(i), 28(a)-(e), 35(a-e); Resp. ¶¶ 4–7. Carnival replied that the facts alleging notice are insufficient. Reply at 2.

II.     **LEGAL STANDARD**

A defendant may move to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction [;] ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

2

for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the Court must accept all the allegations in the Complaint as true, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

### III.   ANALYSIS

Carnival contends that Plaintiff's Complaint "contains only conclusory allegations that Carnival had notice of the allegedly dangerous condition," asserting that Plaintiff alleges notice "essentially, because the Substance was on the floor." Mot. at 5. Carnival notes that Plaintiff does not allege how long the Substance was present, whether any crewmember saw the Substance before the incident, or other facts showing constructive notice. *Id.* at 5–6.

"A defendant can be deemed to be on actual notice where the 'defendant knows of the risk creating condition' and on constructive notice 'when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it.'" *Michel v. Carnival Corp.,* No. 24-21617-CIV-COHN/VALLE, 2024 U.S. Dist. LEXIS 107964, at *3 (S.D. Fla. June 17, 2024). However, the question at this stage is whether Plaintiff has alleged enough factual content to plausibly support the existence of notice, not whether Plaintiff has proven it. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Here, the Complaint contains more than a bare conclusion that Carnival "knew or should have known" of the Dangerous Condition. In paragraph 20, Plaintiff alleges that "the floor within the Subject Area was covered with water and cleaning chemicals and/or soap fluids that felt slimy to the touch (the 'Substance'), which created an unreasonably slippery and hazardous walking surface (hereinafter referred to as the 'Dangerous Condition')." Compl. ¶ 20. In paragraph 28, Plaintiff alleges that Carnival was on "actual prior notice of the presence of the Substance on the floor" because, among other reasons: (1) Defendant, Carnival, placed the Substance on the floor in the Subject Area; (2) Carnival's employees or agents created the Dangerous Condition by failing to properly dry the floor; (3) Carnival turned off the lights in the Subject Area; and (4) Carnival observed the Substance on the floor in the Subject Area. *Id.* ¶ 28. Plaintiff alleges similar facts in paragraph 35 in support of her failure-to-warn claim, and paragraph 27(c) further alleges that Carnival knew

4

or should have known of the Dangerous Condition by virtue of its crew's presence and activities in the Subject Area. Compl. ¶¶ 27(c), 35(e).

Taken together, these factual allegations aver that Carnival, through its employees, had actual knowledge of the Dangerous Condition in the Subject Area before Plaintiff's fall. Plaintiff does not simply say Carnival "created" the condition and stop there; she alleges that Carnival's employees were cleaning the floor, applied soapy water and cleaning chemicals, failed to dry the area, turned off the lights, and "observed the Substance on the floor" where Plaintiff slipped. Compl. ¶¶ 20, 27(c), 28(d), 35. At the pleading stage, those allegations are factual, not conclusory, and they plausibly support an inference of actual notice. *Iqbal*, 556 U.S. at 678 ("[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The cases on which Carnival relies involve complaints that largely recited the notice element without explaining how the defendant would have acquired knowledge of the hazard, such as by the amount of time the substance was on the floor, prior similar incidents, or direct observation. Mot. at 4–6; *see, e.g.*, *Moseley v. Carnival Corp.*, 593 F. App'x 890, 893 (11th Cir. 2014) ("mere possibility that the defendant may have acted unlawfully is insufficient"); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (affirming dismissal where complaint failed "to include any factual allegations that were sufficient to satisfy the pleading standard . . . such that it is facially plausible that Carnival had actual or constructive notice"); *Holland v.*

5

*Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022) (affirming dismissal where "allegations do not cross the line from possibility to plausibility of entitlement to relief").

Here, by contrast, Plaintiff's theory of notice is grounded in specific allegations of Carnival's conduct and observation in the Subject Area immediately surrounding the incident. Compl. ¶¶ 20, 27(c), 28, 35. Although these allegations may come close to the line, they are sufficient to "nudge [Plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The Court emphasizes that Plaintiff will bear the burden of producing evidence that Carnival had actual or constructive notice of the Dangerous Condition at summary judgment or trial. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("[t]o recover for negligence, a plaintiff must show that . . . the defendant had actual or constructive notice of the risk-creating condition."); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (holding a negligence action requires, as prerequisite to imposing liability, that owner have had actual or constructive notice of risk-creating condition). But at this early stage, accepting the well-pleaded allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Complaint states plausible claims for negligent failure to maintain and negligent failure to warn. *Iqbal*, 556 U.S. at 678. Accordingly, dismissal under Rule 12(b)(6) is not warranted.

## IV.   RECCOMENDATION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant Carnival Corporation's Motion to Dismiss be **DENIED**.

6

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 2nd day of February 2026.

*Enjoliqué A. Lett*

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record